# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4115 | **DATE** | 8/3/2000 |
| **CASE TITLE** | Viloria et al. Vs. J. Hernandez et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs petition this court to proceed informa pauperis. For the reasons set forth below, the case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | AUG 0 4 2000 date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| WAH | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 AUG -3 PM 4: 16 |
| | Date/time received in central Clerk's Office | AUG 0 4 2000 date mailed notice |

Document Number: 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTONINA L. DEMETRIO VILORIA, et al )
)
Plaintiff, )
)
vs. ) No. 00 C 4115
)
J. HERNANDEZ, et al., )
)
Defendants. )

DOCKETED
AUG 0 4 2000

MEMORANDUM OPINION AND ORDER

Antonina and Dominadon Viloria, residents of Chicago, Illinois, filed this civil lawsuit on July 7, 2000, against J. Hernandez, their neighbor at the Ridge Estate Condominiums. They allege that water from Hernandez's washroom caused $150,000 in damage to their property. The complaint also references actions taken by a lawyer, "Kovitz," and someone named "Radke" with the new condominium management concerning rental of the Viloria's condominium and of the neighboring property. Plaintiffs petition this court to proceed in forma pauperis. For the reasons set forth below, the case is dismissed.[1]

Under 28 U.S.C. § 1915(a), this court may authorize a plaintiff to proceed in forma pauperis if the party is unable to pay the prescribed court fees. Antonina indicates that she was employed as a student intern at the DePaul Law Library for two weeks and earned $260 in June of this year. She also states that she worked at Walgreens until May 3, 2000, but is still awaiting transfer to a new location. Antonina reports that she received some money from a

---

[1] We earlier dismissed a similar complaint by the Vilorias against the Ridge Estate Condominium Association and defendants "Radtke," "Kolos," and "Kovitz." See Viloria v. Ridge Estate Condominium Association, No. 00 Civ. 4041 (N.D.Ill. July 11, 2000). The petition to proceed in forma pauperis here appears to be a xerox of the earlier petition. We, therefore, reiterate much of our earlier analysis.

student loan during the past year and that she provides $125 per week to support their youngest son and, apparently, another relative. Finally, the Vilorias indicate that they own the condominium at issue in their complaint, but the value of the property is not specified.

Even assuming that the Vilorias are indigent and therefore eligible to proceed in forma pauperis, we find that their complaint must be dismissed. Amendments to 28 U.S.C. § 1915 contained in the 1996 Prison Litigation Reform Act now require the court to dismiss the case if it determines that (i) the action is frivolous or malicious, (ii) it fails to state a claim on which relief may be granted, or (iii) petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The case will be dismissed as "frivolous" if petitioner can make "no rational argument in law or fact to support his claims for relief." Jones v. Morris, 777 F.2d 1277, 1279 (7th Cir. 1985) (quoting Corgain v. Miller, 708 F.2d 1241, 1247 (7th Cir.1983)).

Again, although the precise nature of the Vilorias' allegations and the relief requested remain unclear, it appears that the court has no subject matter jurisdiction over the dispute. The complaint invokes the court's federal question jurisdiction, but there is no federal question appearing on the face of the complaint. Plaintiffs do not claim state action in the taking of their condominium and no rights conferred by federal statute are implicated. It also does not appear that the complaint would fall under the court's diversity jurisdiction because, while the damages are alleged to exceed $150,000, all of the parties appear to reside in the State of Illinois.

Where the court has no subject matter jurisdiction, there is "no rational argument in

law or fact" to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See* Jones, 777 F.2d at 1279. The case is hereby dismissed without prejudice to allow plaintiffs to refile the action if they can establish the court's subject matter jurisdiction over the claims.

JAMES B. MORAN
Senior Judge, U. S. District Court

August 3, 2000.